## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-30049 |
| | ) | |
| TYRONE MAXWELL, | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter came before the Court for a telephone status conference on July 10, 2020.  Defendant appeared by his counsel Mark Kevin Wykoff, Sr.  The Government appeared by Assistant United States Attorney Matthew Z. Weir.  The Court called the status conference to set an evidentiary hearing on Defendant's pending Motion to Suppress Evidence Unlawfully Acquired (d/e 16) (Motion).  The Court inquired whether the parties were willing to conduct the hearing by videoconference or other remote electronic means.  Defendant's counsel stated on behalf of his client that he wanted the hearing to be in person.  The Government had no position.

The Court stated that the in-person hearing would be delayed due to the ongoing COVID-19 pandemic.  The Amended General Order, entered

June 30, 2020, states that due to the COVID-19 pandemic, the Courts of this District cannot safely hold in-person hearings:

> [T]he Court continues to find that it cannot return to usual court operations without endangering the health of defendants, counsel, the public, and court personnel, thereby continuing to necessitate the use of video conferencing, or telephone conferencing if video conferencing is not reasonably available. As of the date of this Order, video conferencing is fully operational in all four divisional offices and continues to be utilized daily.

Amended General Order 20-03, at 3.  Chief U.S. District Judge Sara Darrow will review this finding no later than 90 days after entry of the Amended General Order 20-03.  Id., at 6.  Pursuant to the finding in Amended General Order 20-03 and the ongoing COVID-19 pandemic, this Court stated that it could not safely hold an in-person hearing on the Motion for the next 90 days, and so, would need to set the in-person hearing on Defendant's Motion  after September 30, 2020.  Defendant's counsel stated on behalf of Defendant that he still wanted an in-person hearing even with the delay.  Based on Defendant's position, the Court set the Motion for an in-person hearing.  The parties agreed to a setting in October 2020.  The Court set the hearing on the Motion on Wednesday, October 21, 2020, at 9:00 a.m.

Counsel for Defendant then made an oral motion to continue the initial pretrial conference and jury trial until after the hearing on the Motion. The Court allowed the Motion.

THEREFORE, IT IS ORDERED: Defendant's pending Motion to Suppress Evidence Unlawfully Acquired (d/e 16) is set for an evidentiary hearing on Wednesday, October 21, 2020, at 9:00 a.m., before this Court in Courtroom III at U.S. District Courthouse in Springfield, Illinois. Defendant's oral Motion to continue the initial pretrial conference and jury trial is ALLOWED.  The final pretrial conference set August 14, 2020 is CANCELLED and reset Friday, November 13, 2020, at 9:00 a.m. before this Court; and the jury trial set September 1, 2020 is CANCELLED and reset December 1, 2020 at 9:00 a.m. before U.S. District Judge Sue Myerscough.  The Court finds that the ends of justice served by continuing the jury trial on Defendant's motion outweighs the Defendant's and the public's interest in a speedy trial. 18 U.S.C. 3161(h)(7)(A).

ENTER:   July 10, 2020

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE