# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 19-cr-30049 |
| TYRONE MAXWELL, | ) |
| Defendant. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Tyrone Maxwell's Motion for Revocation/Amendment of Detention Order in Light of Covid-19 Pandemic (d/e 22) (Motion). On September 4, 2019, a grand jury indicted Maxwell on charges of possession with intent to distribute a mixture or substance containing marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) (Count 1); possession of firearms in furtherance of a drug trafficking offense, in violation of 21 U.S.C. §§ 924(c)(1)(A)(i), (c)(1)(B)(i), and (c)(1)(A)(iii) (Count 2); and felon in possession of firearms, in violation 21 U.S.C. § 922(g) (Count 3). Indictment (d/e 1). On September 25, 2019, Maxwell appeared before this Court for first appearance, arraignment, and detention hearing. The Court conducted a detention hearing and ordered that Maxwell be detained. Minute Entry entered September 25, 2019; Order

of Detention entered September 26, 2019 (d/e 9). Maxwell is currently detained in the Livingston County, Illinois, Jail (Jail).

Maxwell is an African American man. He suffers from diabetes and high blood pressure. Motion, at 9-12  Maxwell asks the Court to reconsider the Order of Detention in light of Maxwell's race, medical condition, and the ongoing COVID 19 pandemic. He argues that if he remains detained, he is at grave risk of infection of the COVID 19 virus. The Government opposes reconsideration. Government's Response to Defendant's Motion to Reconsider Detention Order (d/e 23) (Response), at 4-5.

The parties agree that there are no confirmed COVID 19 cases among the inmates or employees at the Jail. The Court takes judicial notice that Livingston County, Illinois, has had a total of 207 COVID 19 cases as of September 2, 2020. https://www.dph.illinois.gov/covid19/covid19-statistics (IDPH Statistics), visited September 2, 2020.

## ANALYSIS

Maxwell seeks release from detention pursuant to 18 U.S.C. § 3142(i). The Court may also grant temporary release under § 3142(i) if such release is necessary for preparation of Maxwell's defense or for another compelling reason. 18 U.S.C. § 3142(i). Maxwell does not assert

release is necessary to prepare for trial. He only asserts that the COVID 19 pandemic presents a compelling reason to release him from detention. See Motion, at 8.

After careful consideration, the Court finds that Maxwell has not demonstrated a compelling reason to release him from pretrial detention. The Jail is taking reasonable precautions to keep the inmates and detained persons there free from COVID 19 infection. The Jail has quarantined all new inmates on arrival, increased COVID-19 testing, performed extra cleaning of common areas, required staff to wear protective masks, made masks available to inmates (though not mandated), suspended in-person visits, subjected staff to temperature scans and screening before every shift, and provided extra soap and disinfectant to all inmates. See Response, at 3. These practices have been effective. The Jail has had no confirmed cases of COVID 19. Livingston County has had 207 confirmed cases of COVID 19 as of September 2, 2020. The rate of infection in Livingston County is 558 per 100,000 persons. https://covid.cdc.gov/covid-data-tracker (CDC Tracker), visited September 2, 2020. Under these circumstances, Maxwell's risk of infection at the Jail is low.

Moreover, Maxwell fails to show that he faces a lower risk of infection if he is released. Maxwell proposes either a bond, home confinement, or

electronic monitoring as alternatives to detention.  <u>Motion</u>, at 13.[1]  Under any of these alternatives, Maxwell would live at his personal residence.  Maxwell lived in Springfield, Sangamon County, Illinois, at the time of his arrest.  The Court takes judicial notice that as of September 2, 2020, Sangamon County has had 1837 cases of COVID 19. <u>See</u> <u>IDPH Statistics</u>.  The rate of infection in Sangamon County is 927 per 100,000 persons, much higher than Livingston County.  <u>See</u> <u>CDC Tracker</u>.  The Court finds that under these facts, Maxwell would be no less likely to contract COVID 19 than if he remained detained in the Jail.  As such, Maxwell has failed to demonstrate any compelling reasons to grant him temporary release from detention.

THEREFORE, IT IS ORDERED that Defendant Tyrone Maxwell's Motion for Revocation/Amendment of Detention Order in Light of Covid-19 Pandemic (d/e 22) is DENIED.

ENTER: September 8, 2020

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE

---

[1] Maxwell mentions the possibility of the use of a third party custodian but does not identify any person who would agree to act in that capacity.